UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALYSON CAIO D.S.B.,[1]<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY,<br>Respondent. | No. 1:26-cv-7393 TLN CSK<br>A# 222-615-480<br>**RELEASE ORDER** |

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 6, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 9.) Respondent filed objections to the findings and recommendations. (ECF No. 10.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Respondent objects on the basis that 8 U.S.C. § 1226(a) procedures are facially constitutional. (ECF No. 10 at 1.) However, there is no evidence in the record before this Court that the government complied with § 1226(a) procedures. Under § 1226(a), a noncitizen may be arrested and detained only "on a warrant issued by the Attorney General . . . pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a); *see also* 8 C.F.R. § 1236.1(b)(1) ("[A noncitizen] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest."). Thus, an administrative warrant must be issued prior to a noncitizen's arrest, absent an exception. *See Trevor J.M. v. Warden of the Cal. City Det. Facility*, No. 1:26-CV-04364-TLN-CSK, 2026 WL 2410039, at *2 (E.D. Cal. Aug. 18, 2026) (finding same); *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)"). Additionally, a noncitizen must be provided with an initial custody determination shortly after detention. *See Zurita Navarro* v. *Warden Ctrl. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (enumerating procedural violations of § 1226(a), including "failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention," and collecting cases).

Here, there is no evidence of a warrant, an initial custody determination, or any opportunity for Petitioner to formally request a bond hearing through a Form I-286 or any other method. (*See* ECF No. 6.) Thus, the government failed to comply with § 1226(a)'s procedural safeguards in detaining Petitioner. *See also* 8 C.F.R. § 1236.1(b)(1) (warrant required). Moreover, Petitioner has been detained for nearly seven weeks without any custody hearing, nor has Respondent scheduled any such hearing. Therefore, in conjunction with the magistrate judge's findings, the government's failure to follow statutory procedures and to provide a custody hearing deprived Petitioner of an opportunity to be heard "at a meaningful time and in a

meaningful manner" in violation of the Fifth Amendment Due Process Clause. *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (citing *Grannis v. Ordean*, 234 U.S. 385, 394 (1914))).

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 9) are ADOPTED in full.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondent is ordered to IMMEDIATELY release Petitioner Alyson Caio D.S.B. (A# 222-615-480), and is ordered to provide Petitioner with a copy of the release order at or near the time of release. At the time of release, Respondent shall return to Petitioner any and all of his possessions and documents. Respondent shall file a **notice certifying compliance** with this provision **within 2 days of the date of this Order**.

4. Respondent is ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

5. The Clerk of the Court is directed to serve a copy of this Order on **California City Detention Facility**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: October 19, 2026



TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE